PEOPLE ex rel. PRINCE v. PRINCE.

(Supreme Court, Appellate Division, First Department.  October 23, 1908.)

HUSBAND AND WIFE (§ 307*)—MAINTENANCE—ACTIONS—ORDERS FOR SUPPORT.
    To justify an order under Greater New York Charter (Laws 1901, p.
    279, c. 466) § 685, requiring a husband, who has abandoned his destitute
    wife, to pay a specified sum for her support, it must appear, not only that
    he abandoned the wife, but that she was liable to become a public charge.
    [Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 307.*]
    Laughlin, J., dissenting.

Appeal from Court of General Sessions.

Action by the people, on the relation of Elizabeth Y. Prince, against John S. Prince, for an order for support.  From an order of the Court of General Sessions, affirming an order of the City Magistrates' Court, requiring defendant to pay a specified sum for the support of his wife and to give bond, defendant appeals.  Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Alexander Sampson, for appellant.
Theodore Connoly, for respondent.

SCOTT, J.  The defendant appeals from an order of the Court of General Sessions, affirming an order of a city magistrate adjudging the defendant to be a disorderly person in having abandoned his wife and ordering him to pay to the commissioner of public charities the sum of $7 a week for the support of his wife, and to give a bond in the sum of $364 or stand committed to the city prison.

The order was made under section 685 of the Greater New York charter (Laws 1901, p. 279, c. 466), which provides that such an order may be made when a person actually abandons his wife or children in the city of New York without adequate support, or leaves them in danger of becoming a burden upon the public, or neglects to provide for them according to his means.  The alleged abandonment is said to have taken place in the year 1900, and the evidence is far from convincing that the separation which then took place amounted to an abandonment, or to anything more than a separation by mutual consent.  Assuming, however, that the abandonment was sufficiently shown, it was not shown that the wife is liable to become a charge upon the public, and it is admitted by the respondent that, to justify the order, this must be shown, as well as the fact of abandonment.

For this failure of proof, the order and judgment must be reversed.

PATTERSON, P. J., and INGRAHAM and CLARKE, JJ., concur.

LAUGHLIN, J. (dissenting).  The evidence, I think, amply sustains the charge of abandonment, and sufficiently shows that, owing to complainant's ill health and destitute condition, she is liable to become dependent on the public for support and maintenance.

I therefore vote for affirmance.